1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYA HEALTHCARE SERVICES, INC., and AYA HEALTHCARE, INC., | Case No. 17cv205-MMA (MDD) |
| Plaintiffs, | **GRANTING IN PART AND DENYING DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL;** |
| v. | |
| AMN HEALTHCARE, INC., et al., | [Doc. No. 96] |
| Defendants. | **GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO FILE DOCUMENTS UNDER SEAL;** |
| | [Doc. No. 123] |
| | **GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO FILE DOCUMENTS UNDER SEAL; AND** |
| | [Doc. No. 128] |
| | **GRANTING IN PART AND DENYING DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL;** |
| | [Doc. No. 131] |

Plaintiffs Aya Healthcare Services, Inc. and Aya Healthcare, Inc. (collectively, "Plaintiffs" or "Aya") and Defendants AMN Healthcare, Inc., AMN Healthcare Services, Inc., AMN Healthcare Services LLC, Medefis, Inc. ("Medefis"), and Shiftwise Inc.

("Shiftwise"), (collectively, "Defendants" or "AMN") move to file under seal certain documents and exhibits in connection with Defendants' motion for summary judgment and motion to exclude certain opinion testimony by Patricia G. Donohoe ("*Daubert* motion").  *See* Doc. Nos. 96, 123, 128, 131.  Plaintiffs raised objections to Defendants' initial motion to seal (Doc. No. 96), *see* Doc. No. 102, and Defendants responded to those objections.  *See* Doc. No. 105.  Plaintiffs also raised objections to Defendants' confidentiality designations in connection with Plaintiffs' opposition to Defendants' motion for summary judgment.  *See* Doc. Nos. 129, 130.  The parties have provided declarations withdrawing some of their designations and supporting other designations. *See* Doc. Nos. 96, 101, 121, 127, 131, 139.  Upon review of the parties' submissions, the Court finds these matters suitable for determination on the papers and without oral argument.  *See* SD CIVLR 7.1.d.1; Fed. R. Civ. P. 78(b).  For the reasons set forth below, the Court **GRANTS IN PART and DENIES IN PART** Defendants' motions to file documents under seal (Doc. Nos. 96, 131) and **GRANTS IN PART and DENIES IN PART** Plaintiffs' motions to file documents under seal (Doc. Nos. 123, 128).

## LEGAL STANDARD

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978).  "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access is the starting point." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  "The presumption of access is 'based on the need for federal courts, although independent— indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

When a party moves to file under seal a motion or documents attached to a motion,

the focus is on the underlying motion and whether it is "more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety*, 809 F.3d at 1099. If the motion is more than tangentially related to the merits, like here, the movant must show compelling reasons for overcoming the presumption in favor of public access. *See id.* at 1096-99.

Generally, a party seeking to seal a judicial record can overcome the presumption in favor of access by "articulat[ing] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178 (citations omitted) (internal quotation marks omitted). "In turn, the court must 'conscientiously balance[ ] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (quoting *Foltz*, 331 F.3d at 1135). "Compelling reasons must continue to exist to keep judicial records sealed." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (citing *Kamakana*, 447 F.3d at 1179).

"What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Ctr. For Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 599). "Examples include when a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Id.* (quoting *Nixon*, 435 U.S. at 598-99). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136).

## DISCUSSION

Defendants move to file under seal various exhibits in support of their motion for summary judgment and *Daubert* motion, as well as portions of their motion for summary judgment, reply memorandum in support thereof, Separate Statement of Undisputed Material Facts, Response to the Separate Statement of Undisputed Material Facts,

*Daubert* motion, and reply in support thereof. *See* Doc. Nos. 96, 131. Plaintiffs also move to file under seal their opposition memorandum to Defendants' motion for summary judgment, exhibits submitted in support thereof, and memoranda objecting to certain of Defendants' confidentiality designations. *See* Doc. Nos. 123, 128.

## 1. Defendants' Motions to File Documents Under Seal (Doc. Nos. 96, 131)

Defendants move to file under seal three categories of information in exhibits submitted in connection with their motion for summary judgment and *Daubert* motion and in the motions themselves. Such categories are: (a) information that Defendants have designated as confidential, (b) purportedly confidential information from Staffing Industry Analysts ("SIA"), and (c) information that Plaintiffs have designated as confidential. Plaintiffs object to Defendants' motion to seal information to the extent Defendants seek to file under seal (1) Defendants' confidentiality and non-solicitation agreements with their employees, and (2) Defendants' contracts with other healthcare staffing agencies. *See* Doc. Nos. 102, 103, 106. Defendants responded to Plaintiffs' objections by (1) agreeing to de-designate references to confidentiality and non-solicitation agreements with employees that were previously filed publicly in state court proceedings, and (2) maintaining the propriety of their designations of contracts with other healthcare staffing agencies. *See* Doc. No. 105. The Court addresses each exhibit and source of information subject to Defendants' requests in turn.

### a. Exhibit 1

Exhibit 1 is a contract memorializing an agreement between Defendants and Plaintiffs to terminate their "prior agreements" and extend certain services provided by Plaintiffs under such prior agreements. Defendants assert that the termination agreement is among those contracts properly designated by Defendants as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the Protective Order because it, like the other designated contracts, contains "detailed, non-public, confidential information concerning AMN's commercial relationships, including its agreements with Aya and other third parties, its business dealings with Aya and other third parties, its contract

negotiation and other business strategies."  Doc. No. 96-1 at 3; *see also* Doc. No. 96-4 at 2.  The Court finds that Defendants have failed to articulate compelling reasons to seal the termination agreement in its entirety.  The fact that the parties have terminated their prior business relationships does not appear to warrant sealing, since this is a fact alleged by Plaintiffs publicly and is key to Plaintiffs' theory of retaliatory damages.  *See, e.g.*, Doc. Nos. 37 at 44, 64.  Therefore, the Court cannot conclude that the strong presumption of public access to judicial records is outweighed here by Defendants' interest in maintaining secrecy over the terms of the termination agreement with Plaintiffs.  While the parties may be able to articulate to the Court why discrete portions of the termination agreement should be sealed, it is not this Court's duty to speculate what those reasons might be.  *Kamakana*, 447 F.3d at 1182 ("When sealing documents attached to a dispositive pleading, a district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.") (internal citation, quotation marks, and emphasis omitted).  As such, the Court **DENIES** Defendants' request to seal Exhibit 1.  However, this ruling is without prejudice to Defendants filing, if they so choose, a renewed motion no later than ten (10) business days from the date this Order is filed setting forth compelling reasons to seal portions of Exhibit 1.

        b.  Exhibit 2

        Exhibit 2 is an "Associate Vendor Agreement" between Defendants and Plaintiffs. Defendants assert that the agreement should be sealed because it, like the other designated contracts, contains "detailed, non-public, confidential information concerning AMN's commercial relationships, including its agreements with Aya and other third parties, its business dealings with Aya and other third parties, its contract negotiation and other business strategies."  Doc. No. 96-1 at 3; *see also* Doc. No. 96-4 at 2-3 (stating that disclosure of such a contract would harm Defendants' competitive standing and have a chilling effect on Defendants' ability to negotiate the terms of future associate vendor agreements).  The Court agrees that compelling reasons exist to seal this information.

*See In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2014 WL 10537440, at *5 (N.D. Cal. Aug. 6, 2014) (granting motion to seal Google's Apps contract because the specific terms constitute trade secrets that would cause Google competitive harm if disclosed publicly).  Unlike the termination agreement discussed above, the associate vendor agreement between the parties is discussed specifically by Defendants' President of Professional Services and Staffing in a declaration as "reflect[ing] terms upon which AMN is willing to do business with its associate vendors" and other competitively sensitive business information, such as pricing and fill requirements.  *See* Doc. No. 96-4 at 3.  As such, the specific terms of the agreement constitute trade secrets that present a threat of competitive harm to Defendants if the terms are disclosed publicly.  The Court **GRANTS** Defendants' request to seal Exhibit 2 and references thereto.  For the reasons discussed in detail below, the Court overrules Plaintiffs' objection to Defendants' request to seal their associate vendor agreements and references thereto.

   c. <u>Exhibit 3</u>

  Exhibit 3 is a chart reflecting certain terms of the associate vendor agreements between the parties.  The Court agrees that compelling reasons exist to seal Exhibit 3 and references thereto.  The specific terms of Defendants' associate vendor agreements constitute trade secrets that, if disclosed, could cause competitive harm to Defendants.  *In re Google Inc. Gmail Litig.*, *supra*, 2014 WL 10537440, at *5.  Thus, the Court **GRANTS** Defendant's request to seal Exhibit 3.

   d. <u>Exhibits 5, 6, and 18</u>

  Exhibits 5, 6, and 18 are various reports on statistics in the healthcare staffing industry by SIA.  Defendants assert that the reports should be sealed because "SIA makes these reports and lists available for a fee and recipients of SIA materials agree to keep the materials confidential."  Doc. No. 96-1 at 7; *see also* Doc. No. 96-4 at 4-5.  The Court agrees that compelling reasons exist to seal the SIA reports and references thereto.  *See McMorrow v. Mondelez Int'l, Inc.*, No. 17-CV-2327-BAS-JLB, 2020 WL 406314, at *3 (S.D. Cal. Jan. 24, 2020) (granting motion to seal portions of reports that contain market

research data by a third party market research company).  Accordingly, the Court **GRANTS** Defendants' request to seal Exhibits 5, 6, and 18.

> e.  <u>Exhibits A and B</u>

Exhibits A and B to the Declaration of Amanda Fitzsimmons in support of Defendants' *Daubert* motion are excerpts of the report and deposition, respectively, of Plaintiffs' putative expert, Patricia G. Donohoe.  Defendants assert that the Court should grant their motion to seal references made in Exhibits A and B to: (i) associate vendor agreements between Defendants and third parties and employee confidentiality and non-competition agreements, (ii) Defendants' vendor management agreements and managed service provider agreements, (iii) a settlement agreement and amendments thereto between Defendants and a third party ("Settlement Agreement"), and (iv) Defendants' other confidential and proprietary business documents and communications.  Doc. Nos. 96-4 at 2; 96-1 at 3-7.  The Court addresses these requests in turn.

> i.  <u>Defendants' Associate Vendor Agreements and Employee Confidentiality and Non-Competition Agreements</u>

Plaintiffs object to Defendants' motion to seal associate vendor agreements, affiliated vendor agreements, supplier agreements, and employee confidentiality and non-competition agreements.  *See* Doc. Nos. 102, 106.  Plaintiffs argue that the associate vendor agreements and references thereto should not be sealed because they are "non-negotiable, boilerplate" contracts, "which AMN has successfully prevailed on most of its competitors to accept without negotiation."  Doc. Nos. 102 at 9-14; 106 at 1-2.  Plaintiffs also argue that the confidentiality and non-competition agreements and references thereto should not be sealed because these agreements were previously disclosed publicly by Defendants in state court filings.  *See* Doc. No. 7-8.  Defendants responded to these objections by withdrawing its request to seal the portions of the Donohue Report that reference the provisions in Defendants' confidentiality and non-competition agreements with their employees.  *See* Doc. No. 105 at 2.  Defendants also argued that Plaintiffs' objections to the sealing of the various associate vendor agreements are meritless because

the counterparties expect the agreements to remain confidential, and because the evidence cited by Plaintiffs does not show that most of Defendants' competitors know the terms in the agreements. *See* Doc. No. 105 at 2-4.

First, the Court agrees that the references in the Donohoe Report and deposition to provisions in Defendants' confidentiality and non-competition agreements with employees should not be sealed since such agreements were previously disclosed publicly by Defendants in prior court proceedings. *See Fed. Trade Comm'n v. Qualcomm Inc.,* No. 17-CV-00220-LHK, 2018 WL 2317835, at *6 (N.D. Cal. May 22, 2018) (denying motion to seal documents already filed publicly on the court's docket). Accordingly, the Court **DENIES** Defendants' request to seal references in the Donohoe Report and deposition to Defendants' confidentiality and non-competition agreements with employees.

Second, the Court agrees with Defendants that compelling reasons exist to seal the associate vendor agreements, affiliated vendor agreements, and supplier agreements. Plaintiffs' argument that Defendants have successfully executed such agreements with various staffing agencies misses the mark. The counterparties to these agreements are aware of the terms embodied in their individual, respective agreements with Defendants, but that does not mean each of the counterparties actually know the terms embodied in Defendants' *separate* agreements with *other* healthcare staffing agencies. Nor does it follow that the contractual terms in these agreements do not constitute trade secrets that warrant sealing. Unlike the employee confidentiality and non-competition agreements, the agreements with healthcare staffing agencies have not been publicly disclosed. Thus, as discussed above, the contractual terms embodied in these agreements constitute trade secrets such that the agreements and references thereto should be sealed. *See In re Google Inc. Gmail Litig.*, *supra*, 2014 WL 10537440, at *5. Accordingly, the Court overrules Plaintiffs' objection and **GRANTS** Defendants' request to seal references in the Donohoe Report and deposition to the associate vendor agreements, affiliated vendor agreements, and supplier agreements.

ii.   <u>Defendants' Vendor Management Agreements and Managed Service Provider Agreements</u>

Defendants also request to seal references in the Donohoe Report to vendor management agreements and managed service provider agreements.  Doc. Nos. 96-1 at 3-5; 96-4 at 2-3.  Defendants assert that the information in these agreements is competitively sensitive business information, the disclosure of which would cause them irreparable harm because it would provide Defendants' competitors the terms and business practices with Defendants' clients and thereby give competitors an unfair competitive advantage.  *See* Doc. 96-1 at 4.  The Court agrees that compelling reasons exist to seal references to these agreements in the Donohoe Report and deposition.  *See In re Google Inc. Gmail Litig.*, *supra*, 2014 WL 10537440, at *5.  The Court therefore **GRANTS** Defendants' request to seal portions of the Donohoe Report and deposition that reference Defendants' vendor management agreements and managed service provider agreements.

iii.   <u>Settlement Agreement</u>

Defendants next request that references in the Donohoe Report and deposition to the Settlement Agreement[1] with a third party be sealed.  Defendants assert that the Settlement Agreement contains "competitively sensitive business information, the disclosure of which would . . . provide others in the market with information . . . regarding Defendants' terms and practices with respect to its relationships with third parties in settling disputes" and "deprive the [settling] parties . . . of the benefit of their bargain for confidentiality."  Doc. No. 96-1 at 5; *see also* Doc. No. 96-4 at 3.  The Court is convinced these are compelling reasons to seal references to the Settlement Agreement

---

[1] It appears Defendants also request that the Settlement Agreement itself be filed under seal, as Defendants were under the impression that they "identified [it] in Exhibit A" of the Henderson Declaration.  Doc. No. 96-1 at 5.  However, Exhibit A to the Henderson Declaration does not identify the Settlement Agreement, and therefore the Court only addresses Defendants' request to seal references to the Settlement Agreement in the Donohoe Report and deposition.

in the Donohoe Report and deposition.  *See San Diego Comic Convention v. Dan Farr Prods.*, No. 14-CV-1865 AJB (JMA), 2018 WL 2717880, at *1 (S.D. Cal. June 5, 2018) (granting motion to seal references to confidential settlement discussions); *Brightwell v. McMillan Law Firm*, No. 16-CV-1696 W (NLS), 2017 WL 5885667, at *1–2 (S.D. Cal. Nov. 29, 2017) (sealing communications regarding the terms of a settlement).  The Court therefore **GRANTS** Defendants' request to seal portions of the Donohoe Report and deposition that reference the Settlement Agreement.

iv.     Defendants' Other Confidential and Proprietary Business Documents and Communications

Defendants further seek to file under seal other confidential and proprietary business documents and communications referenced in the Donohoe Report.  *See* Doc. No. 96-1 at 6.  Defendants assert that such information includes "strategic documents and business review materials . . . relating to AMN's strategic objectives, competitive analyses, financial information, and other proprietary information."  *Id.*  In the Henderson Declaration, Defendants elaborate that such confidential information includes their responses to requests for information or for proposals from hospitals, strategic documents and business review materials, email correspondence between Defendants and third party clients or associate vendors concerning agreements and business dealings with these third parties, and "[o]ther reports prepared strictly for AMN's use."  *See* Doc. No. 96-4 at 2-4. The Court agrees that compelling reasons exist to seal references in the Donohoe Report to Defendants' proprietary business records that detail sensitive financial terms, proprietary business strategies, and confidential negotiations and agreements with third parties.  *See In re Qualcomm Litig.*, No. 317CV00108GPCMDD, 2019 WL 1557656, at *3 (S.D. Cal. Apr. 10, 2019) (granting motions to seal "confidential business information of the parties, including trade secrets, proprietary business records, discussions of internal strategy, company dealings, and materials designated as 'Highly Confidential'"). Therefore, the Court **GRANTS** Defendants' request to the extent the Donohoe Report and depositions contain references to information detailing Defendants' sensitive

financial terms, proprietary business strategies, and confidential negotiations and agreements with third parties.

### f.   Information Designated by Plaintiffs as Confidential

Defendants also request that the Court permit them to file under seal information designated by Plaintiffs as "Confidential" or "AEO."  *See* Doc. Nos. 96-1 at 7-8; 131-1 at 1.  Plaintiffs have submitted declarations withdrawing some of its prior designations and explaining the grounds for other designations of exhibits submitted by Defendants in support of their motion for summary judgment.  *See* Doc. Nos. 101, 139.  The Court has reviewed Plaintiffs' grounds for such designations in Exhibits 4, 6, 7, 8, 9, 11, 13, and 14 submitted by Defendants in support of their motion for summary judgment, and finds compelling reasons to seal references in the Exhibits 4, 6, 7, 8, 9, 11, 12, and 14 to Plaintiffs' customer names, sales revenues and financial records, names of Plaintiffs' employees, Plaintiffs' compensation arrangements with healthcare staffing professionals and associate vendors, and Plaintiffs' confidential business practices.  *See In re Qualcomm Litig.*, *supra*, 2019 WL 1557656, at *3 (granting motions to seal "confidential business information of the parties, including trade secrets, proprietary business records, discussions of internal strategy, company dealings, and related materials designated as 'Highly Confidential'").  Plaintiffs have modified their designations so that they are narrowly tailored to the aforementioned proprietary information, withdrawing some of their designations in Exhibits 4, 6, 7, 8, 9, 12, and 14, and all of their designations in Exhibit 13.  Accordingly, the Court **GRANTS** Defendants' request to seal portions of Exhibits 4, 6, 7, 8, 9, 12, and 14 and **DENIES** Defendants' request to seal portions of Exhibit 13, in accordance with Plaintiffs' modified designations.  *See* Doc. No. 101 at 2-3.

### g.  Defendants' Memoranda

Defendants' request that they be permitted to file under seal portions of their motion for summary judgment, *Daubert* motion, reply briefs in support of such motions, Separate Statement of Undisputed Material Facts, and Response to the Separate

Statement of Undisputed Material Facts ("SS Response") that reference information that this Court finds warrants sealing.  *See* Doc. Nos. 96-1 at 1-2, 9; 131 at 1-5.  The Court **GRANTS IN PART and DENIES IN PART** Defendants' request in accordance with the Court's rulings herein concerning the underlying information.  <u>No later than ten (10) business days from the date this Order is filed, Defendants must file an appropriately redacted version of its motion for summary judgment, *Daubert* motion, reply briefs in support of such motions, Separate Statement of Undisputed Material Facts, and SS Response</u>.

### 2. Plaintiffs' Motion to File Documents Under Seal (Doc. No. 123)

Plaintiffs request the Court's leave to file documents under seal in connection with their opposition to Defendants' motion for summary judgment.  *See* Doc. No. 123.  The categories of documents subject to Plaintiffs' motion to seal are Plaintiffs' own information designated as confidential, information designated by third parties as confidential, and information designated by Defendants as confidential.  The Court addresses each category in turn.

a. <u>Plaintiffs' Confidential Information</u>

Plaintiffs request that the Court allow them leave to file under seal portions of the Declaration of Alan Braynin; the Declaration of Alexis Ogilvie; the Declaration of John Martins; Exhibits 3, 4, and 5 to the Declaration of Alan Braynin; Exhibit 1 to the Declaration of Jeff Pierson; Exhibits 1 and 2 to the Declaration of Alexis Ogilvie; and Exhibits 1 and 2 to the Declaration of Kylie Stein.  *See* Doc. No. 119-1.  The Court has reviewed the materials and hereby **GRANTS IN PART and DENIES IN PART** Plaintiffs' motion to seal this information.  Specifically, Plaintiffs' requests, except with respect to Exhibit 4 to the Declaration of Alan Braynin, all concern Plaintiffs' financial data, customer names, settlement negotiations with Defendants, strategic business information, and employee information.  For the reasons discussed above, the Court agrees that there are compelling reasons to seal this information.  *See In re Qualcomm Litig.*, 2019 WL 1557656, at *3 (granting motions to seal "confidential business

information of the parties, including trade secrets, proprietary business records, discussions of internal strategy, company dealings, and related materials designated as 'Highly Confidential'").

Separately, Plaintiffs appear to have mistakenly included Exhibit 4 to the Declaration of Alan Braynin. This exhibit is Defendants' employee confidentiality and non-competition agreement. *See* Doc. No. 108-92. The Court has already ruled that there is no compelling reason to seal references to such agreements, which were disclosed in public state court filings. Therefore, the Court **DENIES** Plaintiffs' request to file the document under seal, consistent with the Court's prior ruling.

### b. Third Parties' Confidential Information

Plaintiffs also request that the Court allow them leave to file under seal certain information designated by third parties as confidential. The only reason for this request is because the parties have agreed to respect the confidentiality designations of third parties. *See* Doc. No. 123 at 2. The Court **DENIES** the request. An agreement to treat information designated by a third party as confidential under a protective order is insufficient to justify sealing the information. *See Nalco Co., v. Turner Designs, Inc.*, No. 13-CV-02727 NC, 2014 WL 12642193, at *4 (N.D. Cal. Oct. 30, 2014) (denying motion to seal certain information designated by a third party as confidential under a protective order absent a supporting declaration); *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. C 10-3724 CW, 2013 WL 4426507, at *2 (N.D. Cal. Aug. 14, 2013) (same). However, this ruling is without prejudice to Plaintiffs filing, if they so choose, a renewed motion no later than ten (10) business days from the date this Order is filed setting forth compelling reasons, supported by declarations from the designating third parties, as to why such information should be sealed.

### c. Defendants' Confidential Information

Plaintiffs further seek to file under seal certain information designated by Defendants as confidential. *See* Doc. No. 123. Defendants submitted a declaration addressing which exhibits in support of Plaintiffs' opposition should be sealed in whole

or in part and withdrawing some designations. *See* Doc. No. 127. Plaintiffs objected to Defendants' designations. *See* Doc. Nos. 129, 130. The Court has reviewed the parties' submissions and **GRANTS IN PART and DENIES IN PART** Plaintiffs' motion to seal information designated by Defendants. The below chart sets forth the Court's rulings.[2]

| Markham Declaration Exhibit | Defendants' Designation | Court's Ruling on Plaintiffs' Motion to Seal |
|---|---|---|
| 7 | 55:1-4; 56:7-17 | **GRANTED IN PART and DENIED IN PART**. There is no compelling reason to seal 55:1-4, since the deposition excerpt is unclear as to what is being discussed as an alternative to "a locally available nurse to perform an assignment." There is, however, a compelling reason to seal 56:7-17 as non-public, proprietary information showing where Defendants do and do not serve a customer's hospitals. |
| 11 | 152:1-6; 153:21-25 | **GRANTED IN PART and DENIED IN PART**. There is no compelling reason to seal 152:1-6, as this testimony only concerns a vague question posed to the third party. There is, however, a compelling reason for Defendants to request 153:21-25 be sealed, since this testimony concerns proprietary information regarding how Defendants pay their recruiter employees. |
| 13 | 5:7-17 | **GRANTED**. The designated portion is a chart reflecting the number of certain employees Defendants have employed on average each year since January 1, 2010. Plaintiffs fail to provide any support for its bare assertion that Defendants have "publicly disclosed comparable information." On the other hand, Defendants have supported their designation with a sworn statement from its President of Professional Services and Staffing that disclosure of the statistics, which is non-public confidential information, would |

---

[2] The Court has observed certain objections to purported designations of exhibits even where Defendants have not requested the information be sealed. *See, e.g.,* Doc. No. 129-1 at 4 of 29 (stating reasons for not sealing Exhibit 20 even though Defendants have not designated the exhibit). The Court will not address such objections since there is no dispute between the parties.

| | | |
|---|---|---|
| | | provide competitors "with information they would not otherwise have about AMN's business and strategy." The Court agrees with Defendants that compelling reasons exist to seal Defendants' employee statistics. |
| 15 | Entire Document | **DENIED**.  Exhibit 15 is an internal script for Defendants' third-quarter earnings call.  The Court finds that Defendants have failed to provide a particularized, compelling reason as to how they would suffer prejudice by disclosure of the internal script.  It is insufficient that Defendants merely view the internal script as "something that AMN considers and treats as confidential."  Doc. No. 127-4 at 6. |
| 16 | Entire Document | **GRANTED IN PART and DENIED IN PART**.  The Court agrees that the internal email between Defendants' employees does not warrant sealing in its entirety.  At most, Defendants have a compelling reason to seal the email to the extent it reveals Defendants' most valuable partners and suppliers other than Plaintiffs.  As discussed above, the fact that Plaintiffs and Defendants have terminated their prior business relationships is publicly available information.  Therefore, the Court orders that the following statements concerning Plaintiffs be unredacted, while the remaining portions may be redacted.<br><br>• At AMN0000444334: "For Aya, we need to discuss with Landry/Ralph as they have hired several (13 I think) of our internal team members and therefore are looking at suspending them as an AV from what I understand."<br>• At *id*.: "Yikes - didn't know that about Aya...they have been our largest for the past 2 years and I know they are probably on most of our MSPs at this point..." |
| 17 | 494:14-15; 496:125 | **DENIED**.  The testimony designated by Defendants concerns the information discussed above that the Court finds should be unsealed.  Defendants have not provided a compelling reason for sealing such information. |
| 19 | 184:18-25; 193:1-25 | **DENIED**.  The testimony designated by Defendants concerns Defendants' employee confidentiality and non-competition agreements.  As discussed above, Defendants have admitted that these agreements were |

| | | |
|---|---|---|
| | | filed publicly in state court proceedings and accordingly have withdrawn similar designations referencing the terms of the agreements. Therefore, the Court finds Defendants have failed to provide a compelling reason for sealing deposition testimony concerning the employee confidentiality and non-competition agreements. *See Fed. Trade Comm'n v. Qualcomm Inc., supra*, 2018 WL 2317835, at *6. |
| 22 | 205:5-7; 205:18-25; 208:2-7; 277:1-23; 357:24-25; 358:11-12; 359:3-7; 403:1-6; 425:22-25 | **GRANTED IN PART and DENIED IN PART**. The testimony designated by Defendants at 205:5-7, 205:18-25, 208:2-7, 277:1-23, and 403:1-6 concerns Defendants' employee confidentiality and non-competition agreements. For the reasons noted above, the Court finds Defendants have failed to provide a compelling reason for sealing deposition testimony concerning the employee confidentiality and non-competition agreements. *See Fed. Trade Comm'n v. Qualcomm Inc., supra*, 2018 WL 2317835, at *6. The testimony designated by Defendants at 357:24-25 and 358:11-12 concern the names of their customers. For the reasons discussed above with respect to Plaintiffs' customers' names, the Court finds that such testimony warrants sealing. The testimony designated by Defendants at 359:3-7 and 425:22-25 concerns the platform agreement for Medefis. The Court agrees with Defendants that there are compelling reasons to seal this information as non-public information concerning Defendants' proprietary contractual agreements. *See In re Google Inc. Gmail Litig., supra*, 2014 WL 10537440, at *5. |
| 26 | 350:16-25; 351:1-8; 351:12-25; 352:1-10; 353:21 | **GRANTED**. The testimony designated by Defendants concerns a customer's name and the purposes of their associate vendor agreement. For the reasons discussed above with respect to customer names and the associate vendor agreements, the Court agrees that compelling reasons support the sealing of this information. |
| 27 | 143:1-15 | **GRANTED** as to 143:5-15. This testimony concerns a third party's associate vendor relationship with Defendants pursuant to their associate vendor agreement. For the reasons discussed above with respect to the associate vendor agreements, the Court agrees that |

| | | compelling reasons support the sealing of this information. |
|---|---|---|
| 28 | 179:6-25; 181:1-20; 181:23-182:17 | **GRANTED**.  The third party's testimony concerns the purpose and terms of the associate vendor agreement with Defendants.  For the reasons discussed above with respect to the associate vendor agreements, the Court agrees that compelling reasons support the sealing of this information. |
| 29 | 192:13-193:10; 193:11-194:7; 194:8-195:12; 195:23-196:3; 196:10-197:9; 197:10-19; 197:20-23; 198:8-20; 198:21-199:3; 199:5-10; 199:11-13; 199:14-200:3; 200:4-201:6; 201:11-14; 201:23–202:11; 202:12-15; 202:16-203:7; 203:8-13; 203:14-25; 204:1-7; 204:14-20; 205:9-206:16; 206:21-209:3; 209:21-25 | **GRANTED**.  The testimony designated by Defendants concerns the purpose of terms of Defendants' associate vendor agreements.  For the reasons discussed above with respect to the associate vendor agreements, the Court agrees that compelling reasons support the sealing of this information. |
| 33 | 118:21-119:4 119:10-25 | **GRANTED**.  The testimony designated by Defendants concerns the commission that Medefis earns pursuant to the terms of a platform agreement, which the Court has already ruled is sealable information.  The designated testimony is also narrowly tailored to encompass only this confidential information. |
| 33.1 | 49:23-25 | **GRANTED**.  The testimony designated by Defendants concerns the amount of travel nurses that Defendants |

| | | |
|---|---|---|
| | | place via the Medefis platform—a statistic that is confidential, non-public business information. |
| 34 | 138:1-11; 139:1-10; 139:21-140:14; 140:15-19; 141:11-142:12; 142:24-143:9; 143:12-147:12; 147:20-151:25 | **GRANTED**.  As Plaintiffs recognize, the designated testimony concerns Defendants' contract with a third party customer and those parties' performance of the terms of that contract.  For the reasons set forth above, the Court agrees there are compelling reasons to seal references to Defendants' contractual terms with their customers, including performance thereof. |
| 35 | Entire Document | **GRANTED**.  Exhibit 35 is a platform agreement between Medefis and a third party customer.  For the reasons set forth above with respect to Defendants' non-public contracts, Exhibit 36 may be sealed. |
| 36 | Entire Document | **GRANTED**.  Exhibit 36 is a platform agreement between Medefis and a third party associate vendor.  For the reasons set forth above with respect to Defendants' non-public contracts, Exhibit 36 may be sealed. |
| 37 | 301:1-304:1; 304:10-309:25 | **GRANTED**.  The testimony designated by Defendants concerns contractual performance pursuant to a platform agreement between Shiftwise and Plaintiffs.  For the reasons set forth above with respect to Defendants' non-public contracts, Exhibit 37 may be sealed in accordance with Defendants' designations. |
| 38 | Entire Document | **GRANTED**.  Exhibit 38 is a platform agreement between Shiftwise and a third party customer.  For the reasons set forth above with respect to Defendants' non-public contracts, Exhibit 38 may be sealed. |
| 39 | Entire Document | **GRANTED**.  Exhibit 39 is a draft supplier service agreement for the Shiftwise platform.  For the reasons set forth above with respect to Defendants' non-public contracts, Exhibit 39 may be sealed. |
| 41 | AMN Depo. 383:10-384:13; 384:21-25 CHI Depo. 107:18-24 | **GRANTED**.  The testimony designated by Defendants concerns the manner in which the billing rate is set for a third party customer pursuant to a platform agreement between that third party and Shiftwise.  The manner in which Defendants set their billing rate for a customer pursuant to a confidential agreement between those parties is proprietary information that warrants sealing. *See In re Google Inc. Gmail Litig.*, *supra*, 2014 WL 10537440, at *5; *In re Qualcomm Litig.*, *supra*, 2019 |

| | | WL 1557656, at *3. Plaintiffs' objection, that Alan Braynin spoke to this topic in his declaration, is **OVERRULED**. Mr. Braynin noted the commonsense point that Defendants and customers negotiate prices for the Shiftwise platform, but provided no particular detail as to *how* the prices are negotiated and set. |
|---|---|---|
| 42 | 125:12-17; 125:19-21; 125:23-25; 131:3-9; 131:15-25; 132:1-5; 132:12; 132:14-25 | **GRANTED**. The testimony designated by Defendants concerns the contractual terms of a Medefis platform agreement with a third party associate vendor. For the reasons set forth above with respect to Defendants' non-public contracts, the designated testimony in Exhibit 42 may be sealed. |
| 43 | 63:21-64:23; 65:19-25 | **GRANTED**. The testimony designated by Defendants concerns the contractual terms of a Medefis platform agreement with a third party customer. For the reasons set forth above with respect to Defendants' non-public contracts, the designated testimony in Exhibit 43 may be sealed. |
| 44 | 31:3-25; 36:3-13 | **GRANTED**. The testimony designated by Defendants concerns their contractual relationship with a third party customer. For the reasons set forth above with respect to Defendants' non-public contracts, the designated testimony in Exhibit 44 may be sealed. |
| 45 | Entire Document | **GRANTED**. Exhibit 45 is a managed service provider agreement between Defendants and a third party customer. For the reasons set forth above with respect to Defendants' non-public contracts, the designated testimony in Exhibit 45 may be sealed. |
| 47 | 205:5-7; 205:18- 206:25 | **DENIED**. The testimony designated by Defendants concerns how often they have sent cease and desist letters to former employees concerning their obligations under Defendants' employee confidentiality and non-solicitation agreements. Defendants have already agreed to withdraw its request to seal portions of the Donohoe Report referencing the provisions of such agreements. *See* Doc. No. 105 at 2. Defendants have not provided a compelling reason to support their designation of testimony concerning cease and desist letters that they sent to enforce the terms of such agreements. |

| 50 | 88:10-89:4; 89:14-90:10; 93:14-94:11; 94:12-13; 94:22-95:1; 95:3-25; 115:1-4; 115:5-9; 115:19-116:8; 116:9-11; 116:12-117:22; 117:23-118:14; 118:25 | **DENIED**.  The testimony designated by Defendants concerns an oral agreement between one of its employees and an employee of a third party healthcare staffing agency.  Defendants make a passing reference to the agreement and correspondence concerning it in a declaration as "contain[ing] detailed, non-public, confidential information concerning AMN's commercial relationships . . . ."  Doc. 127-4 at 6.  But this general explanation of Defendants' view of the oral agreement as confidential is not a compelling reason and provides no credible basis for concluding Defendants would suffer prejudice or "irreparable harm" by disclosure of references to the oral agreement. |
| --- | --- | --- |
| 51 | Entire Documents | **DENIED**.  Exhibit 51 includes several email exchanges between employees from Defendants and a third party healthcare staffing agency concerning the oral agreement discussed directly above in Exhibit 50.  For the same reasons provided above, Defendants have failed to provide a compelling reason to seal Exhibit 51. |
| 52 | 102:1-17; 102:19-103:19 | **DENIED**.  The testimony designated by Defendants concerns the oral agreement discussed above in Exhibits 50 and 51.  For the same reasons provided above, Defendants have failed to provide a compelling reason to seal Exhibit 52. |
| 53 | Entire Document | **GRANTED**.  Exhibit 53 is the settlement agreement between Defendants and a third party healthcare staffing agency.  For the reasons provided above with respect to Defendants' motion to seal references to the Settlement Agreement, the Court will allow the Settlement Agreement to be sealed in its entirety. |
| 54 | 247:1-2; 247:9-16; 247:17-21 | **GRANTED IN PART and DENIED IN PART**.  As to 247:9-16 and 247:17-21, the testimony concerns the Settlement Agreement discussed above with respect to Exhibit 53.  For the same reasons provided there, Exhibit 54 may be sealed as to 247:9-16 and 247:17-21.  The designated testimony at 247:1-2 do not reference any confidential information and therefore does not warrant sealing. |
| 56 | 248:2-6; 248:13; 249:4-10; 249:11-13; | **GRANTED IN PART and DENIED IN PART**.  Except as to 248:13, 249:16, and 251:11, which do not reference any confidential information, the testimony |

| | 249:16; 250:4-9; 250:14-19; 250:22-251:3; 251:11 and email correspondence | designated by Defendants concerns contractual performance of the Settlement Agreement discussed above.  For the same reasons set forth above, such testimony may be sealed.<br><br>Plaintiffs correctly note that Defendants have not identified the email correspondence that follows the deposition testimony presented in Exhibit 56.  Therefore, the Court must defer ruling on whether the information may be sealed.  However, Defendants' oversight likely resulted from Plaintiffs presenting the email correspondence subsequent to the deposition testimony, as opposed to presenting the correspondence in a separate exhibit.  Accordingly, <u>Defendant may designate the correspondence and identify any compelling reason for sealing the same no later than ten (10) days from the date this Order is filed</u>. |
| 57 | Entire Amendment and Henderson Depo. 542:22-543:1; 543:5-13; 543:16-24 | **GRANTED**.  Exhibit 57 includes an amendment to the Settlement Agreement between Defendants and a third party healthcare staffing agency, as well as deposition testimony concerning the amendment.  For the reasons set forth above, the amendment and references thereto may be sealed. |
| 77 | 527:1-529:8; 529:12-25; 531:1-16; 531:22-24; 532:2-15; 532:21-22 | **DENIED**.  The testimony designated by Defendants concern their communication with a third party customer regarding a disruption of services that may be due in part to a disagreement between Defendants and Plaintiffs.  Defendants have not provided a particularized, compelling reason for sealing this information. |
| 78 | Entire Document | **DENIED**.  Exhibit 78 is email correspondence between employees of Defendants and employees of a third party customer regarding a disruption of services that may be due in part to a disagreement between Defendants and Plaintiffs.  As noted above, Defendants have not provided a particularized, compelling reason for sealing this information. |
| 79 | 113:3-6; 113:22-25; 98:9-12; 98:14-99:6; 99:8- | **DENIED**.  The testimony designated by Defendants concerns the oral agreement discussed above in Exhibits 50, 51, and 52.  For the same reasons provided above, Defendants have failed to provide a compelling reason to seal Exhibit 79. |

| 100:8; 100:23-25 | |
|---|---|

### 3. Plaintiffs' Opposition Memorandum

Plaintiffs further request permission to file under seal portions of their opposition memorandum to Defendants' motion for summary judgment. *See* Doc. No. 123 at 2. The Court **GRANTS IN PART and DENIES IN PART** Plaintiffs' request. Plaintiffs must file under seal portions of their opposition memorandum in accordance with the Court's rulings on the parties' sealing requests herein.

### 4. Plaintiffs' Motion to File Documents under Seal (Doc. No. 128)

Plaintiffs additionally request permission to file under seal their Reply to Defendants' Arguments on Sealing Evidence and an accompanying Appendix A. *See* Doc. No. 128. The Court **GRANTS IN PART and DENIES IN PART** Plaintiffs' request. Plaintiffs must file under seal those portions of such filings that reference information that the Court has ruled herein warrants sealing.

### 5. The Donohoe and Rothman Reports

The parties have also requested permission to file under seal portions of the Donohoe and Rothman Reports as well as references thereto. *See* Doc. Nos. 96-1 at 3-4, 6-8; 123 at 2; 127-2 at 3; 131-1 at 4. Plaintiffs have not requested the Court's permission to file under seal portions of the reports that reference their purported confidential information, but Plaintiffs indicate they are prepared to de-designate the reports in accordance with the Court's ruling. *See* Doc. No. 106 at 3. The Court understands that only Defendants' designated information is referenced in the reports, and the Court has already ruled on Defendants' sealing requests with respect to such designated information. Therefore, the Court **GRANTS IN PART and DENIES IN PART** the parties' requests to file the reports and references thereto under seal. The parties must file the reports and references thereto under seal to the extent they reference information that the Court has concluded herein warrants sealing.

### CONCLUSION

Based on the foregoing, the Court:

- **GRANTS IN PART and DENIES IN PART** Defendants' motion to file documents under seal (Doc. No. 96).  Specifically, the Court **GRANTS** Defendants' motion with respect to Exhibits 2, 3, 4, 5, 6, 7, 8, 9, 12, 14, and 18. The Court also **GRANTS** Defendants' motion with respect to Defendants' request to seal references in their motion for summary judgment, *Daubert* motion, Defendants' Separate Statement of Undisputed Material Facts, Exhibit A (the Donohoe Report), and Exhibit B (the Donohoe deposition) to Defendants' associate vendor agreements, affiliated vendor agreements, supplier agreements, vendor management agreements, managed service provider agreements, Settlement Agreement, and proprietary business records that detail sensitive financial terms, proprietary business strategies, and confidential negotiations and agreements with third parties.  The Court **DENIES** Defendants' motion with respect to Defendants' request to seal Exhibits 1 and 13 and references in Exhibit A (the Donohoe Report) and Exhibit B (the Donohoe deposition) to Defendants' confidentiality and non-competition agreements with employees.  <u>Defendants may file a renewed motion no later than ten (10) business days from the date this Order is filed setting forth compelling reasons to seal portions of Exhibit 1</u>.  Accordingly, the Court **DIRECTS** the Clerk of Court to **FILE UNDER SEAL**:

  - Exhibit 2 (lodged as Doc. No. 97-3);
  - Exhibit 3 (lodged as Doc. No. 97-4);
  - Exhibit 4 (lodged as Doc. No. 97-5);
  - Exhibit 5 (lodged as Doc. No. 97-6);
  - Exhibit 6 (lodged as Doc. No. 97-7);
  - Exhibit 7 (lodged as Doc. No. 97-8);
  - Exhibit 8 (lodged as Doc. No. 97-9);
  - Exhibit 9 (lodged as Doc. No. 97-10);
  - Exhibit 12 (lodged as Doc. No. 97-12);

o Exhibit 14 (lodged as Doc. No. 97-14);

o Exhibit 18 (lodged as Doc. No. 97-15);

o Exhibit A (lodged as Doc. No. 97-17);

o Exhibit B (lodged as Doc. No. 97-18);

o Defendants' motion for summary judgment (lodged as Doc. No. 97). <u>Defendants must file an appropriately redacted version of their motion for summary judgment consistent with the Court's ruling no later than ten (10) business days from the date this Order is filed</u>;

o Defendants' *Daubert* motion (lodged as Doc. No. 97-16). <u>Defendants must file an appropriately redacted version of their *Daubert* motion consistent with the Court's ruling no later than ten (10) business days from the date this Order is filed</u>; and

o Defendants' Separate Statement of Undisputed Material Facts (lodged as Doc. No. 97-1). <u>Defendants must file an appropriately redacted version of their Separate Statement of Undisputed Material Facts consistent with the Court's ruling no later than ten (10) business days from the date this Order is filed</u>.

• **GRANTS IN PART and DENIES IN PART** Plaintiffs' motion to file documents under seal (Doc. No. 123). Specifically, the Court **GRANTS** Plaintiffs' motion with respect to the Declaration of Alan Braynin; the Declaration of Alexis Ogilvie; the Declaration of John Martins; Exhibits 3 and 5 to the Declaration of Alan Braynin; Exhibit 1 to the Declaration of Jeff Pierson; Exhibits 1 and 2 to the Declaration of Alexis Ogilvie; and Exhibits 1 and 2 to the Declaration of Kylie Stein. The Court also **GRANTS** Plaintiffs' motion with respect to specified portions of Markham Declaration Exhibits 7, 11, 13, 16, 22, 26, 27, 28, 29, 33, 33.1, 34, 37, 41, 42, 43, 44, 54, 56, 57, and 81 to Markham Declaration Exhibits 35, 36, 38, 39, 45, and 53. The Court **DENIES** Plaintiffs' motion with respect to Exhibit 4 to the Declaration of Alan Braynin and Plaintiffs' request to seal

information designated by third parties.  <u>Plaintiffs may file a renewed motion no later than ten (10) business days from the date this Order is filed setting forth compelling reasons, supported by declarations from the designating third parties, as to why such information should be sealed.</u>  The Court further **DENIES** Plaintiffs' motion with respect to specified portions of Markham Declaration Exhibits 7, 11, 16, 22, 54, and 56 and to Markham Declaration Exhibits 15, 17, 19, 47, 50, 51, 52, 77, 78, and 79.  Accordingly, the Court **DIRECTS** the Clerk of Court to **FILE UNDER SEAL**:

- o   Declaration of Alan Braynin (lodged as Doc. No. 108-88);
- o   Declaration of Alexis Ogilvie (lodged as Doc. No. 108-97);
- o   Declaration of John Martins (lodged as Doc. No. 108-103);
- o   Exhibit 3 to the Declaration of Alan Braynin (lodged as Doc. No. 108-91);
- o   Exhibit 5 to the Declaration of Alan Braynin (lodged as Doc. No. 108-93);
- o   Exhibit 1 to the Declaration of Jeff Pierson (lodged as Doc. No. 108-102)
- o   Exhibit 1 to the Declaration of Alexis Ogilvie (lodged as Doc. No. 108-98);
- o   Exhibit 2 to the Declaration of Alexis Ogilvie (lodged as Doc. No. 108-99);
- o   Exhibit 1 to the Declaration of Kylie Stein (lodged as Doc. No. 108-107);
- o   Exhibit 2 to the Declaration of Kylie Stein (lodged as Doc. No. 108-108);
- o   Exhibit 7 to the Markham Declaration (lodged as Doc. No. 108-10);
- o   Exhibit 11 to the Markham Declaration (lodged as Doc. No. 108-14);
- o   Exhibit 13 to the Markham Declaration (lodged as Doc. No. 108-16);
- o   Exhibit 16 to the Markham Declaration (lodged as Doc. No. 108-19);
- o   Exhibit 22 to the Markham Declaration (lodged as Doc. No. 108-25);
- o   Exhibit 26 to the Markham Declaration (lodged as Doc. No. 108-29);
- o   Exhibit 27 to the Markham Declaration (lodged as Doc. No. 108-30);
- o   Exhibit 28 to the Markham Declaration (lodged as Doc. No. 108-31);
- o   Exhibit 29 to the Markham Declaration (lodged as Doc. No. 108-32);
- o   Exhibit 33 to the Markham Declaration (lodged as Doc. No. 108-36);

o  Exhibit 33.1 to the Markham Declaration (lodged as Doc. No. 108-37);

o  Exhibit 34 to the Markham Declaration (lodged as Doc. No. 108-38);

o  Exhibit 35 to the Markham Declaration (lodged as Doc. No. 108-39);

o  Exhibit 36 to the Markham Declaration (lodged as Doc. No. 108-40);

o  Exhibit 37 to the Markham Declaration (lodged as Doc. No. 108-41);

o  Exhibit 38 to the Markham Declaration (lodged as Doc. No. 108-42);

o  Exhibit 39 to the Markham Declaration (lodged as Doc. No. 108-43);

o  Exhibit 41 to the Markham Declaration (lodged as Doc. No. 108-45);

o  Exhibit 42 to the Markham Declaration (lodged as Doc. No. 108-46);

o  Exhibit 43 to the Markham Declaration (lodged as Doc. No. 108-47);

o  Exhibit 44 to the Markham Declaration (lodged as Doc. No. 108-48);

o  Exhibit 45 to the Markham Declaration (lodged as Doc. No. 108-49);

o  Exhibit 53 to the Markham Declaration (lodged as Doc. No. 108-56);

o  Exhibit 54 to the Markham Declaration (lodged as Doc. No. 108-57);

o  Exhibit 56 to the Markham Declaration (lodged as Doc. No. 108-59);

   ▪  Defendant may designate the correspondence in Exhibit 56 to the
      Markham Declaration and identify any compelling reason for sealing
      the same no later than ten (10) days from the date this Order is filed;

o  Exhibit 57 to the Markham Declaration (lodged as Doc. No. 108-60);

o  Exhibit 81 to the Markham Declaration (lodged as Doc. No. 108-85); and

o  Plaintiffs' opposition to Defendants' motion for summary judgment (lodged
   as Doc. No. 108).  Plaintiffs must file an appropriately redacted version of
   their opposition to Defendants' motion for summary judgment consistent
   with the Court's ruling no later than ten (10) business days from the date this
   Order is filed.

• **GRANTS IN PART and DENIES IN PART** Plaintiffs' motion to file documents
  under seal (Doc. No. 128).  Specifically, the Court **GRANTS** Plaintiffs' motion
  with respect to sealing portions of their Reply to Defendants' Arguments on

Sealing Evidence and an accompanying Appendix A to the extent such filings reference information that the Court has ruled herein warrants sealing.  The Court **DENIES** Plaintiffs' motion with respect to sealing portions of such filings that do not reference information that the Court has ruled herein warrants sealing. Accordingly, the Court **DIRECTS** the Court of Clerk to **FILE UNDER SEAL**:

- o Plaintiffs' Reply to Defendants' Arguments on Sealing Evidence (lodged as Doc. No. 129).  <u>Plaintiffs must file an appropriately redacted version of their Reply to Defendants' Arguments on Sealing Evidence consistent with the Court's ruling no later than ten (10) business days from the date this Order is filed</u>; and

- o Appendix A (lodged as Doc. No. 129-1).  <u>Plaintiffs must file an appropriately redacted version of their Appendix A consistent with the Court's ruling no later than ten (10) business days from the date this Order is filed</u>.

- **GRANTS IN PART and DENIES IN PART** Defendants' motion to file documents under seal (Doc. No. 131).  Specifically, the Court **GRANTS** Defendants' motion with respect to sealing portions of their reply in support of their motion for summary judgment, reply in support of their *Daubert* motion, the Rothman Report, and SS Response to the extent such filings reference information that the Court has ruled herein warrants sealing.  The Court **DENIES** Defendants' motion with respect to sealing portions of such filings that do not reference information that the Court has ruled herein warrants sealing.  Accordingly, the Court **DIRECTS** the Court of Clerk to **FILE UNDER SEAL**:

- o Exhibit 6 (lodged as Doc. No. 132-2);

- o Defendants' reply in support of their motion for summary judgment (lodged as Doc. No. 132).  <u>Defendants must file an appropriately redacted version of their reply in support of their motion for summary judgment consistent with the Court's ruling no later than ten (10) business days from the date this</u>

Order is filed;

o  Defendants' reply in support of their *Daubert* motion (lodged as Doc. No. 132-4).  <u>Defendants must file an appropriately redacted version of their reply in support of their *Daubert* motion consistent with the Court's ruling no later than ten (10) business days from the date this Order is filed</u>; and

o  Defendants' SS Response (lodged as Doc. No. 132-3).  <u>Defendants must file an appropriately redacted version of their SS Response consistent with the Court's ruling no later than ten (10) business days from the date this Order is filed.</u>

Consistent with this District's Electronic Case Filing Administrative Policies and Procedures Manual, if a "motion to seal is denied, the document will remain lodged under seal without further consideration absent contrary direction from the Court." Accordingly, with respect to the exhibits that the Court has found do not meet the compelling reasons standard, the parties may either: (1) take no action and the Court will not consider those exhibits in ruling on the pending dispositive motions; or (2) re-file the exhibits on the public docket, in which case the Court will consider the exhibits in ruling on the pending dispositive motions.  <u>If the parties choose to re-file the exhibits publicly, they must do so no later than five (5) business days from the date this Order is filed</u>.

**IT IS SO ORDERED.**

Dated:  April 20, 2020

HON. MICHAEL M. ANELLO
United States District Judge