1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11

12

13

14

15

AYA HEALTHCARE SERVICES, INC.,
and AYA HEALTHCARE, INC.,

Plaintiffs,

v.

AMN HEALTHCARE, INC., et al.,

Defendants.

Case No. 17cv205-MMA (MDD)

**ORDER GRANTING DEFENDANTS'
RENEWED MOTION TO FILE
DOCUMENTS UNDER SEAL**

[Doc. No. 166]

16    Defendants AMN Healthcare, Inc., AMN Healthcare Services, Inc., AMN

17  Healthcare Services LLC, Medefis, Inc., and Shiftwise Inc. (collectively, "AMN") move

18  to file under seal portions of Exhibit 1 to the Declaration of Amanda Fitzsimmons in

19  support of AMN's motion for summary judgment (lodged as Doc. No. 97-2) (hereinafter,

20  "Mutual Termination Agreement") and correspondence included in Exhibit 56 of the

21  Declaration of William Markham in support of Plaintiffs' ("Aya") Opposition to AMN's

22  motion for summary judgment (lodged as Doc. No. 108-59) (hereinafter,

23  "Correspondence").  *See* Doc. No. 166.  Aya filed a response to AMN's motion, to which

24  AMN replied.  *See* Doc. Nos. 173, 180.

25    AMN argues that compelling reasons support sealing Exhibits A and B to the

26  Mutual Termination Agreement.  Specifically, AMN asserts that "[p]ublicizing AMN's

27  client lists would cause AMN irreparable harm because it would provide others in the

28  market with information that they would not otherwise be able to readily ascertain and

1    make it easier for competitors to target AMN's client relationships."  Doc. Nos. 166-1 at

2    3;[1] 166-2 at ¶ 4.  AMN also argues that "having the names of AMN clients publicized in

3    litigation with a competitor could have an adverse impact on AMN's relationships with

4    those clients."  *Id*.  Aya does not oppose AMN's motion to seal these portions of the

5    Mutual Termination Agreement.  The Court finds that AMN has supported its motion to

6    seal Exhibits A and B to the Mutual Termination Agreement with the compelling reason

7    that publicizing its clients would provide AMN's competitors with sensitive information

8    that they might not otherwise be able to readily ascertain.  *See* Doc. No. 141 at 12 (citing

9    *In re Qualcomm Litig.*, No. 17-CV-00108, 2019 WL 1557656, at *3 (S.D. Cal. Apr. 10,

10   2019) (granting motions to seal "confidential business information of the parties,

11   including trade secrets, proprietary business records, discussions of internal strategy,

12   company dealings, and materials designated as 'Highly Confidential'").

13       AMN further argues that compelling reasons support sealing the Correspondence

14   because it "relates to a confidential Settlement Agreement between AMN and a third

15   party and reflects the terms of that confidential agreement."  Doc. No. 166-1 at 4.  AMN

16   asserts that the disclosure of the Correspondence "would provide others in the market

17   with information that they would not otherwise have regarding Defendants' terms and

18   practices . . . in settling disputes, thereby providing an unfair strategic negotiating

19   advantage . . . [and] deprive the parties to the Settlement Agreement of the benefit of

20   their bargain for confidentiality."  *Id*. (citing Doc. No. 166-2 at ¶ 5).  Aya "declines to

21   oppose [AMN's] motion" because it agreed to respect the designation of Supplemental

22   Healthcare, Inc. ("SHC"), the counterparty to the Settlement Agreement.  Doc. No. 175 at

23   4.  However, Aya notes its disagreement that "public disclosure of [the Correspondence]

24   might expose AMN to the harm of the kind that the Protective Order is supposed to

25

26   ─────────────

27   [1] Unless the Court indicates otherwise, the Court's citations to electronically filed documents refer to the
28   pagination assigned by the document's author, rather than the pagination assigned by the CM/ECF
     system.

1   protect – harm caused by disclosure of trade secrets and other commercial sensitive

2   information . . ., not liability that might arise from the public disclosure" of the

3   Correspondence.  *Id*.

4        The Court finds compelling reasons support sealing the Correspondence.  In its

5   April 20, 2020 sealing order, the Court agreed with AMN that compelling reasons

6   supported sealing the Settlement Agreement between it and SHC and references thereto

7   for the reasons AMN provided, *see* Doc. No. 141 at 9-10, 20-21, which are the same

8   reasons again provided by AMN.  *Compare* Doc. No. 96-1 at 5 *with* Doc. No. 166-1 at 4.

9   Aya does not address these reasons, but imply that they are pretextual and that AMN

10  instead would like to seal the Correspondence to protect itself from liability that might

11  arise from the public disclosure of the non-solicitation covenants discussed in the

12  Correspondence.  *See* Doc. No. 175 at 4.  The Court is not persuaded by this bare

13  assertion.  Non-solicitation covenants like the kind embodied in the Settlement

14  Agreement similarly appear in AMN's associate vendor agreements (*see, e.g.,* Doc. No.

15  108-89 at AMN0000102619-620) and reflect some of the "specific terms" upon which

16  AMN is willing to collaborate with other healthcare staffing agencies.  *See* Doc. No. 141

17  at 5-6 (citing *In re Google Inc. Gmail Litig.*, No. 13-MD-02430, 2014 WL 10537440, at

18  *5 (N.D. Cal. Aug. 6, 2014) (granting motion to seal specific terms of Google's contracts

19  as "trade secrets that, if disclosed, could cause competitive harm to Google")).

20       Therefore, for the foregoing reasons, the Court **GRANTS** AMN's renewed motion

21  to file documents under seal (Doc. No. 166).  Accordingly, the Court **DIRECTS** the

22  Clerk of Court to **FILE UNDER SEAL**:[2]

23  - Exhibit 1 to the Declaration of Amanda Fitzsimmons in support of AMN's motion

24      for summary judgment (lodged as Doc. No. 97-2).  <u>AMN must file an</u>

25      <u>appropriately redacted version of the Mutual Termination Agreement consistent</u>

26

27

28  [2] Pursuant to the Court's CM/ECF policies and procedures, the entire documents discussed herein need
to be placed under seal, rather than only the specified portions of such documents.

1   with the Court's ruling no later than ten (10) business days from the date this Order

2   is filed; and

3   • Exhibit 56 of the Declaration of William Markham (lodged as Doc. No. 108-59).

4   Aya must file an appropriately redacted version of Exhibit 56 consistent with the

5   Court's ruling no later than ten (10) business days from the date this Order is filed.

6

7   **IT IS SO ORDERED.**

8

9   Dated: May 7, 2020

10                                              HON. MICHAEL M. ANELLO
                                                United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28